IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HONG CHRIS LU, ) | |
| Plaintiff, ) | CASE NO.: 1:25-cv-01057-JEG |
| ) | |
| v. ) | MAGISTRATE JUDGE JAMES E. |
| ) | GRIMES JR |
| CAPITAL ONE BANK (USA), NA., ) | |
| and ) | |
| HEWLETT-PACKARD COMPANY (HP INC.), ) | |
| Defendants. ) | |
| ) | |

---

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, Hong Chris Lu, pro se, and for Plaintiff's First Amended Complaint against Defendants, Capital One Bank (USA), N.A. ("Capital One") and HP Inc. ("HP"), states as follows:

## PRELIMINARY STATEMENT

1. This is a consumer protection action against Defendants for unfair, deceptive, and fraudulent business practices related to the sale of defective computer equipment and subsequent improper credit billing practices. Plaintiff seeks damages, statutory penalties, and other relief pursuant to the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., the Ohio Consumer Sales Practices Act ("CSPA"), Ohio Rev. Code § 1345.01 et seq., and other applicable consumer protection laws.

2. Plaintiff's claims arise from HP's shipment of defective computer equipment and refusal to honor its warranty obligations, and from Capital One's improper handling of Plaintiff's legitimate billing dispute, particularly its false claim that "goods were as described and received in good condition" despite documented evidence to the contrary.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action arises under federal consumer protection statutes, specifically the Fair Credit Billing Act and the Truth in Lending Act.

4. This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the events giving rise to this action occurred within this judicial district and Defendants conduct business within this district.

## PARTIES

6. Plaintiff, Hong Chris Lu, is a natural person and resident of 9472 River Birch Run, Brecksville, Ohio 44141.

7. Defendant Capital One Bank (USA), N.A. is a national banking association with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102. Capital One's registered agent for service of process in Ohio is Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215. Capital One regularly conducts business in Ohio, including issuing credit cards to Ohio residents and collecting alleged debts from Ohio residents.

8. Defendant HP Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1501 Page Mill Road, Palo Alto, California 94304. HP's registered agent for service of process in Ohio is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219. HP regularly conducts business in Ohio, including selling computer products to Ohio consumers through direct online sales and through authorized retailers within Cuyahoga County.

## FACTUAL ALLEGATIONS

9. Plaintiff has maintained an exemplary credit history spanning several decades and has never missed a payment. Plaintiff had an over 800 credit score before this event.

10. On May 28, 2023, Plaintiff purchased brand-new top-of-the-line computers from HP for a family-supported after-graduation startup exploration project requiring high-performance computing. Plaintiff directed the transaction, which was completed using a Capital One credit card (Order No. H350589658). As established by the Affidavit of Michael Lu attached hereto as Exhibit G and incorporated by reference, Michael Lu is Plaintiff's adult son who resides at the same address and is an authorized user on Plaintiff's Capital One credit card account with limited authority for minor purchases. Michael assisted in the purchase only under Plaintiff's guidance and has no personal liability for the charge, with all charges and responsibilities remaining solely with Plaintiff as the primary cardholder. This purchase was made online through HP's official website and delivered to Plaintiff's home address in Brecksville, Ohio. A copy of the purchase receipt/confirmation is attached as Exhibit A. This purchase followed a similar pattern to three prior identical HP computer purchases on January 2, 2022, using the same Capital One card for the same project and family needs (order documentation available). The 2023 purchase involved family engagement due to shared interest in the potential entrepreneurial endeavor.

11. Upon receiving and attempting to use the computer, Plaintiff discovered that it was defective, displaying no image whatsoever when powered on, rendering it completely

unusable for its intended purpose.

12. On the same day the computer was powered on, Michael Lu contacted HP's technical support on behalf of the household with Plaintiff on site directing him to report the defect, as confirmed by his Affidavit. HP's technical support team conducted a thorough online diagnosis lasting approximately two hours and conclusively determined that the graphics card was defective.

13. HP's technician documented this defect in their system and issued a replacement order with case number 5106472816. A copy of this case documentation, including the technician's findings and replacement order, is attached as Exhibit B.

14. After waiting about three weeks without receiving the promised replacement, Plaintiff escalated the matter by writing directly to HP's CEO, with Michael Lu assisting in communications with HP as documented in his Affidavit. A copy of this escalation email is attached as Exhibit C.

15. In response to this escalation, HP's Store Escalation Manager Jake Roberts emailed regarding the replacement, as documented in the communications referenced in Michael Lu's Affidavit, stating that he would email Plaintiff an Express Exchange Form to sign and that he would send the replacement computer in an express way. A copy of this escalation email exchange is attached as Exhibit D.

16. Despite these promises from HP's Escalation Manager, the replacement computer was never sent and HP continued to ignore the issue. As a result, Plaintiff contacted Capital One's customer service to dispute the charge pursuant to the Fair Credit Billing Act. During this call, Capital One's customer service representative acknowledged that shipping defective products as brand-new and refusing replacement constitutes fraud and assured Plaintiff that Capital One would investigate the matter properly.

17. Subsequently, a Capital One fraud detection department employee named Marie conducted an extensive three-way call with multiple HP departments. During this call, which lasted approximately 90 minutes, Marie confirmed with HP representatives that the computer was indeed defective and documented this in Capital One's system. Marie assured Plaintiff that HP would replace the defective computer and that Capital One would protect Plaintiff's rights regarding the disputed charge.

18. Despite these assurances, on July 20, 2023, Plaintiff received a letter from Capital One falsely stating that "goods were as described and received in good condition." A copy of this letter is attached as Exhibit E.

19. Based on this demonstrably false statement, Capital One began charging payments, late fees, and interest on the disputed amount, despite the documented confirmation of the defect by HP's own technicians.

20. Evidence suggests a potential collusion between Capital One and HP to cheat customers that may have influenced Capital One's handling of this dispute:

    a. HP prominently features Capital One's credit card products on its website as a preferred payment method;

    b. Capital One has disregarded evidence provided by both Plaintiff and HP's own technical support team;

    c. Capital One's credit card prominently advertises fraud protection but failed to provide this protection in Plaintiff's case despite clear evidence of a defective product.

21. On August 28, 2023, Plaintiff filed a formal complaint with the Consumer Financial Protection Bureau (CFPB Case No. 230828-11866562). A copy of this complaint and CFPB's acknowledgment is attached as Exhibit F.

22. The CFPB has:

    a. Added the complaint to their Consumer Complaint Database;

    b. Shared the complaint with the Federal Trade Commission;

    c. Added the complaint to the database used by state and federal law enforcement agencies.

23. Plaintiff has fulfilled all obligations under the Fair Credit Billing Act by:

    a. Timely notifying Capital One of the billing error in writing;

    b. Providing sufficient information to identify the account and disputed transaction;

    c. Explaining the basis for believing an error existed; and

    d. Providing supporting documentation of HP's acknowledgment of the defect.

24. Despite Plaintiff's good faith efforts to resolve this matter, Defendants have failed to fulfill their legal obligations, causing Plaintiff financial harm, damage to Plaintiff's credit score, and significant inconvenience and distress.

25. On October 7, 2024, Capital One escalated its unlawful conduct by hiring Lyons, Doughty & Veldhuis, P.C., located at 495 Metro Place South, Suite 360, Dublin, OH 43017, to act as a debt collector and file a debt collection lawsuit against Plaintiff in the state court, despite the ongoing legitimate dispute over the defective product and in direct

violation of the Fair Credit Billing Act's prohibition against attempting to collect disputed amounts during the dispute resolution process.

## COUNT I

## VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT (CSPA)

**(Against Defendant HP)**

26. Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

27. Plaintiff is a "consumer" as defined by Ohio Rev. Code § 1345.01(D).

28. Defendant HP is a "supplier" as defined by Ohio Rev. Code § 1345.01(C).

29. Defendants engaged in "consumer transactions" as defined by Ohio Rev. Code § 1345.01(A).

30. Defendant HP engaged in unfair and deceptive acts and practices in violation of Ohio Rev. Code § 1345.02 by:

    a. Selling defective merchandise as new, premium-quality products;

    b. Failing to honor its warranty obligations despite clear evidence of a manufacturing defect;

    c. Refusing to replace the defective product as promised and required by law;

    d. Misrepresenting the quality and functionality of its products; and

    e. Engaging in a pattern of non-responsiveness to legitimate consumer complaints.

31. Defendant HP's violations were committed knowingly and in bad faith, as demonstrated by their continued improper conduct despite clear evidence and multiple opportunities to correct their errors.

32. As a direct and proximate result of Defendant HP's violations of the CSPA, Plaintiff has suffered actual damages, including but not limited to:

    a. The full purchase price of the defective computer;

    b. Lost time and productivity from the inability to use the purchased computer for its intended purpose;

    c.  Emotional distress and inconvenience; and

    d.  Legal expenses incurred in pursuing this matter.

33. Pursuant to Ohio Rev. Code § 1345.09, Plaintiff is entitled to three times the amount of actual damages or $200, whichever is greater, plus reasonable attorney fees, court costs, and any equitable relief the Court deems appropriate.

# COUNT II

# VIOLATION OF THE FAIR CREDIT BILLING ACT (FCBA)

**(Against Defendant Capital One)**

34. Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

35. The Fair Credit Billing Act, 15 U.S.C. § 1666 et seq., provides specific protections for consumers regarding billing errors and disputes.

36. Plaintiff properly disputed the charges for the defective computer pursuant to 15 U.S.C. § 1666(a) by notifying Capital One of the dispute within 60 days of receiving the statement containing the charge and providing all required information.

37. Defendant Capital One violated 15 U.S.C. § 1666 by:

    a.  Continuing to attempt to collect the disputed amount during the dispute resolution period;

    b.  Charging interest and late fees on the disputed amount in direct violation of the statute;

    c.  Reporting negative information to credit reporting agencies during the pendency of the dispute;

    d.  Failing to provide a written explanation that reasonably addresses the specific dispute raised by Plaintiff; and

    e.  Filing a lawsuit through its agent Lyons, Doughty & Veldhuis, P.C. to collect the disputed debt while the dispute was still pending, in direct violation of 15 U.S.C. § 1666(c), which prohibits collection actions on disputed amounts until the creditor has complied with all FCBA requirements.

38. As a direct and proximate result of Defendant Capital One's violations of the FCBA, Plaintiff has suffered actual damages, including monetary losses, damage to credit reputation, emotional distress, inconvenience, and legal expenses incurred in defending

against their improper collection lawsuit.

39. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to actual damages, statutory damages, costs, and reasonable attorney fees.

## COUNT III

## BREACH OF WARRANTY

**(Against Defendant HP)**

40. Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

41. Defendant HP provided express warranties that its computers would be free from defects in materials and workmanship and would function properly for their intended purpose.

42. These warranties were part of the basis of the bargain between Plaintiff and HP.

43. The computer purchased by Plaintiff was defective upon delivery, as confirmed by HP's own technical support team.

44. Defendant HP breached these warranties by:

    a.  Selling Plaintiff a computer with a defective graphics card;

    b.  Failing to provide a timely replacement as promised; and

    c.  Ultimately refusing to honor its warranty obligations.

45. Plaintiff provided timely notice of the breach of warranty to HP.

46. As a direct and proximate result of Defendant HP's breach of warranty, Plaintiff has suffered damages in an amount to be determined at trial, but not less than the full purchase price of the defective computer plus consequential damages.

## COUNT IV

## VIOLATION OF THE TRUTH IN LENDING ACT (TILA)

**(Against Defendant Capital One)**

47. Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

48. The Truth in Lending Act, 15 U.S.C. § 1601 et seq., requires creditors to accurately and fairly represent the terms and costs of consumer credit transactions.

49. Defendant Capital One violated TILA by:

   a. Failing to properly credit Plaintiff's account during the dispute resolution period;

   b. Improperly assessing finance charges and late fees on disputed amounts; and

   c. Failing to provide accurate information regarding Plaintiff's rights under TILA and the FCBA.

50. As a direct and proximate result of Defendant Capital One's violations of TILA, Plaintiff has suffered actual damages, including improper charges and damage to credit reputation.

51. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to actual damages, statutory damages, costs, and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award Plaintiff actual damages in an amount to be determined at trial, but not less than the full purchase price of the defective computer plus all improperly charged fees, interest, and related costs;

C. Award Plaintiff statutory damages pursuant to the FCBA, TILA, and other applicable laws;

D. Award Plaintiff treble damages pursuant to the Ohio CSPA;

E. Order Defendants to correct any negative credit reporting related to this dispute;

F. Issue an injunction requiring Capital One and its agents to cease all collection activities related to this disputed debt;

G. Dismiss with prejudice any collection action filed by Capital One or its agents related to this dispute;

H. Award Plaintiff reasonable costs and expenses incurred in bringing this action and in defending against Capital One's collection lawsuit;

I. Award Plaintiff pre-judgment and post-judgment interest as permitted by law; and

J. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Hong Chris Lu

Hong Chris Lu, Pro Se
9472 River Birch Run
Brecksville,
Ohio 44141
(636) 688-9785
chris9575@outlook.com

Dated: September 14, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2025, a true and correct copy of the foregoing First Amended Complaint was served upon all counsel of record via the Court's CM/ECF system.

/s/ Hong Chris Lu

Hong Chris Lu, Pro Se

## EXHIBIT LIST

EXHIBIT A: HP Purchase Order/Receipt dated May 28, 2023.

EXHIBIT B: HP Technical Support Documentation showing defective product diagnosis and replacement order.

EXHIBIT C: Letter to HP's CEO regarding the defective product.

EXHIBIT D: Email correspondence with HP regarding the replacement form and follow-up on the defective computer.

EXHIBIT E: Capital One letter stating "goods were as described and received in good condition."

EXHIBIT F: CFPB Complaint against Capital One.

EXHIBIT G: Affidavit of Michael Lu (notarized Aug. 11, 2025).