IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HONG CHRIS LU,<br><br>         Plaintiff,<br><br>vs.<br><br>CAPITAL ONE, N.A., *et al.*,<br><br>         Defendants. | CASE NO. 1:25-cv-1057<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Pending before the Court is Defendant Capital One, N.A.'s Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) pro se Plaintiff Hong Chris Lu's Amended Complaint. Doc. 32. Because I find that Capital One's Motion is not permitted under Federal Rule of Civil Procedure 12(g), I deny the Motion.

*Background*

In May 2025, Capital One removed this action from state court. Doc. 1. At the time, it had already filed an answer to Lu's complaint. Doc. 1-1. In August 2025, Capital One filed under Federal Rule of Civil Procedure 12(c) a Motion for judgment on the pleadings. Doc. 18. In its Motion, Capital One, in relevant part, argued that Lu's Fair Credit Billing Act claim was time-barred and that Lu failed to state a claim because he didn't properly allege a "billing error." *Id*. at 4–8. It also argued that Lu's Truth in Lending Act claim was time-barred. *Id*. at 8.

I granted in part and denied in part Capital One's Motion. Doc. 28. Considering Lu's Fair Credit Billing Act claims, I found that Capital One failed to show that Lu had not sufficiently alleged a *billing error*. *Id*. at 12. I also found that Capital One failed to show that five of Lu's seven discrete complained-of acts—which Lu had separately enumerated in his complaint— were time-barred. *Id*. at 14–15 ("Capital One has not explained how Lu's allegations listed above are time-barred."). As for Lu's Truth in Lending Act claim, I observed that the cases Capital One relied on involved "closed-end credit," whereas Lu's claim involved "open-end credit." *Id*. at 18. I commented that the start-time for the limitations period for cases involving these two types of credit differed. *Id*. at 20. As a result, I determined that it wasn't "possible to tell" from the complaint "when the limitations period would have begun to run." *Id*. I again observed that "Capital One has not addressed Lu's specific allegations, his responsive brief pointing out the open-end-credit nature of the Capital One credit card, or the distinction between open-ended and closed- ended credit limitations periods." *Id*. As a result, I denied Capital One's motion on these claims.[1] *Id*.

In my Order, I also granted Lu's then-pending Motion for leave to amend his complaint. *Id*. at 20–21. I observed that Lu's then-proposed amended

---

[1]    I granted Capital One's motion to dismiss the claims Lu brought under the Ohio Consumer Sales Practices Act and Fair Debt Collection Practices Act, and two of Lu's alleged unlawful acts under the Fair Credit Billing Act. Doc. 28.

complaint added some background facts pertinent to his claims against Defendant HP Inc., but that "[t]hese new facts are not relevant to the legal discussions" in Capital One's Rule 12(c) motion. *Id.* at 2, n.2. I ordered Lu to file his proposed amended complaint on the docket omitting the dismissed claims. *Id.* at 21.

In September 2025, Lu filed his Amended Complaint omitting the dismissed claims. Doc. 29. Otherwise, the background facts and claims against Capital One had not materially, if at all, changed. *Id.* at 6–8.

About two weeks later, Capital One filed under Federal Rule Civil Procedure 12(b)(6) a Motion to Dismiss. Doc. 32. In this Motion, Capital One again argues that Lu's Fair Credit Billing Act claim is time-barred, addressing the five discrete acts listed in Lu's Amended Complaint that it had failed to address in its earlier motion. Doc. 32, at 6–13. Capital One also raises a new reason why it believes that Lu fails to state a claim—because Lu failed to provide "written notice" of a billing dispute. *Id.* As for Lu's Truth in Lending Act claim, Capital One discusses open-end credit cases and, applying the limitations period in these cases, argues the applicable date that it believes the limitations period began to run. *Id.* at 15–16.

Lu filed an opposition brief, in which he argues that the Court's opinion denying Capital One's Rule 12(c) motion "[b]ars [r]elitigation" of these issues. Doc. 39, at 4. He asserts that "[t]he Court already decided these issues" and that the "law of the case doctrine requires denial." *Id.* at 5. In reply, Capital

3

One argues that the law-of-the-case doctrine doesn't bar federal courts from re-evaluating their own orders, and, even if it would apply here, application of the doctrine is discretionary. Doc. 41, at 5–6. Neither party cites Federal Rule of Civil Procedure 12(g).

*Discussion*

As an initial matter, Lu's Amended Complaint did not change the factual or legal allegations against Capital One. *Compare* Doc. 1, *with* Doc. 29.

Federal Rule of Civil Procedure 12(g)(2) provides:

> *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Fed.R.Civ.P.  12(g)(2).[2] Capital One's Rule 12(b)(6) motion raises statute-of-limitation and failure-to-state-a-claim defenses that Capital One could have, but did not, raise in its earlier Rule 12(c) motion. Rule 12(g)(2) bars Capital One's second Rule 12 motion. *See id.*; *Limbright v. Hofmeister*, No. 5:09-cv-107, 2010 U.S. Dist. LEXIS 41604, at *4–5 (E.D. Ky. Apr. 27, 2010); Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1388 (3d ed., Nov. 2025 update).

Moreover, Capital One's "motion to dismiss is not saved by the fact that [Lu] filed an Amended Complaint." *Limbright*, 2010 U.S. Dist. LEXIS 41604, at *6. It would be different if Lu had added new material to the Fair Credit

---

2       Rule 12(h)(2) and (3) describe exceptions that do not apply here.

Billing Act and Truth in Lending Act claims in his Amended Complaint, but he did not do so. *See id.*

*Conclusion*

Capital One's Rule 12(b)(6) Motion, Doc. 32, is denied. Lu's Motion for leave to file a sur-reply, Doc. 45, is denied as moot.

Dated: February 18, 2026

 */s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge