**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

HONG C. LU,

    Plaintiff,

v.

CAPITAL ONE, N.A., et al.,

    Defendants.

**Case No. 1:25-cv-01057-JEG**

Magistrate Judge James E. Grimes Jr.

---

**PLAINTIFF'S MOTION TO REOPEN THE TIME
TO FILE AN APPEAL PURSUANT TO
FED. R. APP. P. 4(a)(6)**

Plaintiff Hong C. Lu, pro se, respectfully moves this Court for an order reopening the time to file

a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). In support, Plaintiff

states as follows.

## I.  BACKGROUND

1.  On March 25, 2026, this Court entered judgment dismissing the action.

2.  Plaintiff did not receive notice of the entry of the judgment, from the Court or from any

    party, within 21 days after entry, i.e., on or before April 15, 2026.

3.  Plaintiff first became aware that the action had been dismissed on May 7, 2026, when his

    wife informed him that case-related mail received at their home appeared to reference a

    dismissal of the case. Plaintiff has been medically unable to read the mail or this Court's

    dismissal order, as set forth in the accompanying Declaration.

4.  Plaintiff files this Motion within 14 days of the date he received notice of the dismissal — and well within 180 days of entry — as required by Fed. R. App. P. 4(a)(6)(B).

## II.  LEGAL STANDARD

Federal Rule of Appellate Procedure 4(a)(6) authorizes the district court to reopen the time to file a notice of appeal for a period of 14 days after entry of an order to reopen, provided that all three of the following conditions are satisfied:

(a)  the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment within 21 days after entry;

(b)  the motion is filed within 180 days after entry of the judgment, or within 14 days after the moving party receives notice under Rule 77(d), whichever is earlier; and

(c)  no party would be prejudiced by the reopening.

Fed. R. App. P. 4(a)(6). All three conditions are met here.

## III.  ALL THREE CONDITIONS OF RULE 4(a)(6) ARE SATISFIED

### A.  *Plaintiff did not receive notice within 21 days of entry.*

As set forth in the accompanying Declaration, Plaintiff suffered a stroke and was hospitalized from January 14 through January 16, 2026. Plaintiff has continuing, medically documented neurological and ophthalmologic disability, including bilateral altitudinal scotoma and substantially reduced visual acuity, that have left him with approximately twenty-five percent (25%) of normal functional vision. On the advice of his treating providers, and given that any sustained visual focus or stress causes pain and elevated blood pressure with attendant risk of a recurrent stroke, Plaintiff has been unable to access his electronic mail or to read case-related

correspondence. From January 14, 2026 through May 7, 2026 — including throughout the 21-day window following entry of the dismissal — Plaintiff did not see, read, or otherwise actually receive any notice of the entry of the judgment of dismissal. Decl. ¶¶ 4–11.

## B.  *The motion is timely.*

Plaintiff first became aware of the dismissal on May 7, 2026 — the date his wife informed him that mail received at their home appeared to reference a dismissal of the case. Decl. ¶ 12. This Motion is filed on May 11, 2026, well within both (i) the 14-day window following Plaintiff's receipt of notice and (ii) the 180-day outer limit of Rule 4(a)(6)(B). The original appeal period under Rule 4(a)(1)(A) expired on April 24, 2026, while Plaintiff was medically incapacitated and without notice of the dismissal.

## C.  *No party would be prejudiced.*

Reopening the appeal period for 14 days will not prejudice any party. Defendants have taken no action in reliance on the expiration of the appeal period: there has been no execution on any judgment, no fee award, and no other post-judgment activity in this case. The parallel state-court collection action (Lyons, Doughty & Veldhuis, P.C., on behalf of Capital One, N.A. v. Lu, Garfield Heights Mun. Ct., Case No. CVF2467110) has remained stayed since June 20, 2025, and Plaintiff has filed in that action a Notice of Medical Incapacity. The only consequence of reopening will be the cost of opposing an appeal — which the Advisory Committee has expressly identified as not constituting prejudice for purposes of Rule 4(a)(6). See Fed. R. App. P. 4(a)(6) advisory committee's note (1991).

## IV.  CONCLUSION

Plaintiff respectfully requests that this Court enter an order reopening the time to file a notice of

appeal for a period of 14 days following entry of the order. A proposed Notice of Appeal is

attached as Exhibit A.


Respectfully submitted,

/s/ Hong C. Lu
Hong C. Lu, Pro Se Plaintiff
9472 River Birch Run
Brecksville, OH 44141
Telephone: (636) 688-9785
Email: chris9575@outlook.com

Dated:  May 11, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I filed the foregoing Motion, together with the
accompanying Declaration of Hong C. Lu and Exhibit A, with the Clerk of this Court using the
CM/ECF system, which will serve all counsel of record by electronic notification.

/s/ Hong C. Lu
Hong C. Lu, Pro Se Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

HONG C. LU,

    Plaintiff,

v.

CAPITAL ONE, N.A., et al.,

    Defendants.

**Case No. 1:25-cv-01057-JEG**

Magistrate Judge James E. Grimes Jr.

---

## DECLARATION OF HONG C. LU IN SUPPORT OF MOTION TO REOPEN

I, Hong C. Lu, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Plaintiff in the above-captioned action. I make this Declaration based on my own personal knowledge.

2. I am 67 years old and reside in Brecksville, Ohio.

3. On January 14, 2026, while attending a deposition in this action, I suffered a medical emergency. Emergency medical services transported me from the deposition site to the emergency department, and I was hospitalized through January 16, 2026.

4. Magnetic-resonance imaging during my hospitalization confirmed that I had suffered a stroke (a lacunar infarct of the right lentiform nucleus). Imaging also identified a 2-millimeter incidental aneurysm of the left supraclinoid internal carotid artery, which requires ongoing neurosurgical surveillance. I was discharged on aspirin and atorvastatin

for secondary stroke prevention. My treating providers have advised that the highest medical priority is the prevention of a second stroke.

5. On January 20, 2026, ophthalmologic evaluation at Cleveland Clinic by Cathy Pappas, O.D., documented bilateral altitudinal scotoma (ICD-10: H53.453) and lacunar stroke (ICD-10: I63.81) as co-diagnoses. The encounter recorded the chart entry that CVA is the primary cause of my subjective blurred vision, and recorded measured visual acuity decline from 20/60 in my right eye and 20/20 in my left eye prior to the November 2025 cerebrovascular event, to 20/125 in my right eye and 20/40 in my left eye on January 20, 2026.

6. Visual-field testing performed by Dr. Pappas produced an objective image showing that the upper visual field of my left eye is entirely absent and the upper visual field of my right eye is partially absent. Combined with the severely reduced acuity in my right eye, only the lower visual field of my left eye remains functional, leaving me with approximately twenty-five percent (25%) of normal functional vision. A subsequent low-vision evaluation at the Cleveland Sight Center confirmed the same findings on the same visual-field image.

7. I am unable to focus on anything — including written materials, computer screens, or even a television image — without pressure and pain in my eyes within minutes. Any sustained focus or stress causes my blood pressure to rise rapidly. My treating providers have counseled the avoidance of sustained cognitive exertion and stress during my recovery, given the high risk of a recurrent and potentially fatal stroke. This advice has been provided to me both orally and in writing.

8. Since my hospitalization on January 14, 2026, and on the advice of my treating providers, I have not accessed my electronic mail account. I have not opened any email — read, unread, or otherwise — since that date. I have, with the help of my wife, restricted my engagement with case-related correspondence to limit the cardiovascular and neurological risks identified by my providers.

9. Between January 14, 2026 and May 7, 2026, I did not receive any notice — from this Court, from defense counsel, or from any other source that came to my actual awareness — that this action had been dismissed.

10. I understand that this Court entered judgment dismissing this action on March 25, 2026. I did not learn of that fact during the 21 days following entry.

11. I have not read the dismissal order entered on March 25, 2026. My current medical condition does not permit me to read it without significant pain and risk to my health.

12. On May 7, 2026, my wife inadvertently opened a piece of case-related mail that had been delivered to our home. Without her reading glasses, she observed language in the document that appeared to reference a dismissal of the case. Per a standing instruction I had given her to avoid case correspondence on my behalf, she stopped reading immediately and informed me. May 7, 2026 was the first occasion on which I had any awareness that this action had been dismissed.

13. Promptly upon learning of the dismissal, I retained the limited capacity I have to engage with this matter for purposes of preserving my appellate rights, and I have caused this Motion and Declaration to be prepared and filed within 14 days of May 7, 2026.

14. I have not taken any action in this matter that has prejudiced any other party. The parallel state-court collection action against me, Garfield Heights Municipal Court Case No. CVF2467110, has remained stayed since June 20, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 11, 2026, in Brecksville, Ohio.

/s/ Hong C. Lu
Hong C. Lu

**EXHIBIT A**

<u>**PROPOSED NOTICE OF APPEAL**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

HONG C. LU,                                                    **Case No. 1:25-cv-01057-JEG**

    Plaintiff,                                              Magistrate Judge James E. Grimes Jr.

v.

CAPITAL ONE, N.A., et al.,

    Defendants.

---

<u>**NOTICE OF APPEAL**</u>

Notice is hereby given that Hong C. Lu, Plaintiff in the above-named case, hereby appeals to the

United States Court of Appeals for the Sixth Circuit from the Judgment of Dismissal entered in

this action on March 25, 2026, and from any and all rulings, orders, and decisions of the District

Court that merged into or are subsumed by that Judgment.

Respectfully submitted,

/s/ Hong C. Lu
Hong C. Lu, Pro Se Plaintiff
9472 River Birch Run
Brecksville, OH 44141
Telephone: (636) 688-9785
Email: chris9575@outlook.com

Dated:  _____, 2026